# EXHIBIT G

| | |
|---|---|
| **From:** | Maysoon Hasan |
| **Sent:** | Wednesday, December 11, 2019 9:32 AM |
| **To:** | Dan Edward |
| **Cc:** | Naji Al-Fanjery; Syed R. Maswood; Dr. Awatef Gacem |
| **Subject:** | RE: Rev B of  NATS PO # 909103 - RST NDA executed |
| **Attachments:** | NATS RST NDA Dec 2019.pdf |
| | |
| **Importance:** | High |

| **Tracking:** | **Recipient** | **Delivery** | **Read** |
|---|---|---|---|
| | Dan Edward | | |
| | Naji Al-Fanjery | | |
| | Syed R. Maswood | | |
| | Dr. Awatef Gacem | Delivered: 12/11/2019 9:36 AM | Read: 12/11/2019 9:52 AM |

Hello Dan:

Please find attached our executed NDA. We have been advised by Counsel that section **5 sub part 5.1 -5.4** of your NDA ( which we signed in good faith) mandates a "Definitive Agreement" on our transaction. Please send us a word version of what you sent earlier so we can edit and amend as the one sent was not acceptable earlier. No Definitive agreement exist as of now that has been signed and agreed.

We summarize from excerpts below:

**5.1.** The parties understand and agree that no contract or agreement providing for any business relationship or transaction shall be deemed to exist unless and until a definitive written agreement (a "Definitive Agreement") has been executed and delivered, and each party hereby waives, in advance, any claims (including, without limitation, breach of contract, quantum meruit, and unjust enrichment) in connection with any such business relationship or transaction unless and until the parties shall have entered into a Definitive Agreement

Each party also agrees that unless and until a Definitive Agreement with respect to any business relationship or transaction is executed and delivered, neither party will have any legal obligation of any kind with respect to any such business relationship or transaction by virtue of this agreement or any other written or oral expression with respect to such transaction except, in the case of this agreement, for the matters specifically agreed to herein.

-------------------------------------------------------------

Best regards,

1

Yours Sincerely,

*Maysoon R. Hasan*

Area Manager

NATS, Incorporated

511 Centerpoint Drive

Middletown, CT 06457

U.S.A.

www.nats-usa.com

☎ **office**: +1-860-635-6820 Ext.111

**fax:** +1-860-635-4962

e-mail: maysoon.hasan@nats-usa.com

     

*Innovative Solutions in Radiation Detection & Analysis*
*Your Single Stop for All Radiation Detection Solution*

---

**From:** Dan Edward <dedward@radshield.com>
**Sent:** Tuesday, December 10, 2019 12:04 PM
**To:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>
**Cc:** Naji Al-Fanjery <naji@techflow.com.sa>; Syed R. Maswood <SMaswood@nats-usa.com>; Dr. Awatef Gacem <agacem@nats-usa.com>
**Subject:** Re: Rev B of NATS PO # 909103 for 1500 pcs/ Tech Flow- NDA basis - pls clarify NDA

Apologies.

**Dan Edward | Director of Sales & Business Development | RST Radiation Shield Technologies, Inc.**
**866 7 Demron (866-733-6766) ext 110 | Skype: DEdwardRST | dedward@radshield.com**
Direct Line: 305.774.6075
Cell: 786.519.6167
I find the harder I work the more luck I seem to have.-Thomas Jefferson


Radiation Shield Technologies

**From:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>
**Date:** Tuesday, December 10, 2019 at 12:01 PM
**To:** Dan Edward <dedward@radshield.com>
**Cc:** Naji Osman <naji@techflow.com.sa>, "S. Maswood" <SMaswood@nats-usa.com>, "Dr. Awatef Gacem" <agacem@nats-usa.com>
**Subject:** RE: Rev B of NATS PO # 909103 for 1500 pcs/ Tech Flow- NDA basis - pls clarify NDA

Dear Dan,

There is no attachment in your email. Please resend.

Yours Sincerely,

*Maysoon R. Hasan*

Area Manager

NATS, Incorporated

511 Centerpoint Drive

Middletown, CT 06457

U.S.A.

**www.nats-usa.com**

☎ **office:** +1-860-635-6820 Ext.111

**fax:** +1-860-635-4962

e-mail: maysoon.hasan@nats-usa.com




*Innovative Solutions in Radiation Detection & Analysis*
*Your Single Stop for All Radiation Detection Solution*

---

**From:** Dan Edward <dedward@radshield.com>
**Sent:** Tuesday, December 10, 2019 11:56 AM
**To:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>
**Cc:** Naji Al-Fanjery <naji@techflow.com.sa>; Syed R. Maswood <SMaswood@nats-usa.com>; Dr. Awatef Gacem <agacem@nats-usa.com>
**Subject:** Re: Rev B of NATS PO # 909103 for 1500 pcs/ Tech Flow- NDA basis - pls clarify NDA

Hi Maysoon,

See attached NDA in word. I already revised the section you requested regarding ballistics which obviously does not apply. Please review, send any other revisions you may have and return asap so I can send a copy to be executed.

**Dan Edward | Director of Sales & Business Development | RST Radiation Shield Technologies, Inc.**
**866 7 Demron (866-733-6766) ext 110 | Skype: DEdwardRST | dedward@radshield.com**
**Direct Line: 305.774.6075**
**Cell: 786.519.6167**
I find the harder I work the more luck I seem to have.-Thomas Jefferson



---

**From:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>
**Date:** Monday, December 9, 2019 at 12:27 PM
**To:** Dan Edward <dedward@radshield.com>
**Cc:** Naji Osman <naji@techflow.com.sa>, "S. Maswood" <SMaswood@nats-usa.com>, "Dr. Awatef Gacem" <agacem@nats-usa.com>
**Subject:** RE: Rev B of NATS PO # 909103 for 1500 pcs/ Tech Flow- NDA basis - pls clarify NDA

Hello Dan:

The NDA and Distributer agreement totaling in excess of 30 pages were demanded by your side not us. We had sent both documents that included many issues including commitments on disclosing confidential company information, take on warranty, liability Insurance of $1000,000 etc. We already stated that Legal counsel advised us not to sign the Distributer agreement without major amendments.

The NDA was more or less acceptable. But we still seek clarification on what is meant by Para 3 of Page which is the need for performing some " Ballistic Resistant personal Body Armor…test".

We do not understand why this is the basis of the NDA based on which a lot of other information is being demanded. We have no need for such test.

Please explain.

Ed returned to the office today and he is still reviewing the Counsels notes. He will get back to you. If you have word version of the documents, please send unsigned.

Yours Sincerely,

*Maysoon R. Hasan*

Area Manager

NATS, Incorporated

511 Centerpoint Drive

Middletown, CT 06457

U.S.A.

www.nats-usa.com

☎ **office**: +1-860-635-6820 Ext.111

**fax:** +1-860-635-4962

e-mail: maysoon.hasan@nats-usa.com

 

*Innovative Solutions in Radiation Detection & Analysis*
*Your Single Stop for All Radiation Detection Solution*

---

**From:** Dan Edward <dedward@radshield.com>
**Sent:** Sunday, December 8, 2019 10:47 AM
**To:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>
**Cc:** Naji Al-Fanjery <naji@techflow.com.sa>; Syed R. Maswood <SMaswood@nats-usa.com>; Dr. Awatef Gacem
<agacem@nats-usa.com>
**Subject:** Re: Rev B of NATS PO # 909103 for 1500 pcs/ Tech Flow

Will you send me the signed NDA Monday?

Dan Edward
Director of Sales and Business Development
866.733.6766 ext 110
Direct Line 305.774.6075
Cell 786.519.6167

---

**From:** Dan Edward <dedward@radshield.com>
**Sent:** Saturday, December 7, 2019 9:54:45 PM
**To:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>
**Cc:** Naji Al-Fanjery <naji@techflow.com.sa>; Syed R. Maswood <SMaswood@nats-usa.com>; Dr. Awatef Gacem
<agacem@nats-usa.com>
**Subject:** Re: Rev B of NATS PO # 909103 for 1500 pcs/ Tech Flow

That's fine. The NDA is what I need and your legal can let us know the changes you would like.

Dan Edward
Director of Sales and Business Development
866.733.6766 ext 110
Direct Line 305.774.6075
Cell 786.519.6167

---

**From:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>
**Sent:** Friday, December 6, 2019 3:50:52 PM
**To:** Dan Edward <dedward@radshield.com>
**Cc:** Naji Al-Fanjery <naji@techflow.com.sa>; Syed R. Maswood <SMaswood@nats-usa.com>; Dr. Awatef Gacem <agacem@nats-usa.com>
**Subject:** Re: Rev B of NATS PO # 909103 for 1500 pcs/ Tech Flow

Dear Dan,

We only will sign the NDA. Our Legal Counsel and Management refused the Distributor Agreement in its current form. We can redline the parts we object to on Monday.

Ed out of office today....

Maysoon Hasan
NATS Inc.
(Quick message from phone device)

---

**From:** Dan Edward <dedward@radshield.com>
**Sent:** Friday, December 6, 2019 1:14:04 PM
**To:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>
**Cc:** Naji Al-Fanjery <naji@techflow.com.sa>; Syed R. Maswood <SMaswood@nats-usa.com>
**Subject:** Re: Rev B of NATS PO # 909103 for 1500 pcs/ Tech Flow

Hi All,

I spoke to Naji, we can worry about the DA and any changes NATS wants to make at a later date. What I really need is the NDA (confidentiality agreement) and I can move forward.

**Dan Edward | Director of Sales & Business Development | RST Radiation Shield Technologies, Inc.**
**866 7 Demron (866-733-6766) ext 110 | Skype: DEdwardRST | dedward@radshield.com**
**Direct Line: 305.774.6075**
**Cell: 786.519.6167**
I find the harder I work the more luck I seem to have.-Thomas Jefferson

RST
Radiation Shield Technologies

---

**From:** Dan Edward <dedward@radshield.com>
**Date:** Tuesday, December 3, 2019 at 2:14 PM
**To:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>
**Cc:** Naji Osman <naji@techflow.com.sa>, "S. Maswood" <SMaswood@nats-usa.com>
**Subject:** Re: Rev B of NATS PO # 909103 for 1500 pcs/ Tech Flow

Here is our NDA and DA, soon as I receive it back I'll issue the invoice!


**Dan Edward | Director of Sales & Business Development | RST Radiation Shield Technologies, Inc.**
**866 7 Demron (866-733-6766) ext 110 | Skype: DEdwardRST | dedward@radshield.com**
Direct Line: 305.774.6075
**Cell: 786.519.6167**
I find the harder I work the more luck I seem to have.-Thomas Jefferson



---

**From:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>
**Date:** Wednesday, November 27, 2019 at 2:46 PM
**To:** Dan Edward <dedward@radshield.com>
**Cc:** Naji Osman <naji@techflow.com.sa>, "S. Maswood" <SMaswood@nats-usa.com>
**Subject:** RE: Rev B of NATS PO # 909103 for 1500 pcs/ Tech Flow

NATS


Yours Sincerely,

*Maysoon R. Hasan*

Area Manager
NATS, Incorporated
511 Centerpoint Drive
Middletown, CT 06457
U.S.A.
www.nats-usa.com
☎ **office:** +1-860-635-6820 Ext.111
**fax:** +1-860-635-4962
e-mail: maysoon.hasan@nats-usa.com

    

*Innovative Solutions in Radiation Detection & Analysis*
*Your Single Stop for All Radiation Detection Solution*

---

**From:** Dan Edward <dedward@radshield.com>
**Sent:** Wednesday, November 27, 2019 2:39 PM
**To:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>
**Cc:** Naji Al-Fanjery <naji@techflow.com.sa>; Syed R. Maswood <SMaswood@nats-usa.com>
**Subject:** Re: Rev B of NATS PO # 909103 for 1500 pcs/ Tech Flow

I will do! We need an NDA in place with NATS and Tech Flow. Who will be the person signing for each company and their title?

**Dan Edward | Director of Sales & Business Development | RST Radiation Shield Technologies, Inc.**
**866 7 Demron (866-733-6766) ext 110 | Skype: DEdwardRST |** dedward@radshield.com
Direct Line: 305.774.6075
Cell: 786.519.6167
I find the harder I work the more luck I seem to have.-Thomas Jefferson



---

**From:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>
**Date:** Wednesday, November 27, 2019 at 2:35 PM
**To:** Dan Edward <dedward@radshield.com>
**Cc:** Naji Osman <naji@techflow.com.sa>, "S. Maswood" <SMaswood@nats-usa.com>
**Subject:** Rev B of NATS PO # 909103 for 1500 pcs/ Tech Flow

Dear Dan,

Apologize, it is a typo.

Pursue to your agreement below, I attached Rev B of NATS PO # SA-909103. please send us your company invoice to remit payment.
Naji has agreed to extend the delivery to 4 months. Please expedite the order


Yours Sincerely,

*Maysoon R. Hasan*
Area Manager
NATS, Incorporated
511 Centerpoint Drive
Middletown, CT 06457
U.S.A.
www.nats-usa.com
☎ **office:** +1-860-635-6820 Ext.111
**fax:** +1-860-635-4962
e-mail: maysoon.hasan@nats-usa.com

 

*Innovative Solutions in Radiation Detection & Analysis*
*Your Single Stop for All Radiation Detection Solution*

---

**From:** Dan Edward <dedward@radshield.com>
**Sent:** Wednesday, November 27, 2019 2:29 PM
**To:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>
**Cc:** Naji Al-Fanjery <naji@techflow.com.sa>; Syed R. Maswood <SMaswood@nats-usa.com>
**Subject:** Re: NATS PO # 909103 for 1500 pcs/ Tech Flow

65% net 30 is 35% deposit. Your PO shows 23%

**Dan Edward | Director of Sales & Business Development | RST Radiation Shield Technologies, Inc.**
**866 7 Demron (866-733-6766) ext 110 | Skype: DEdwardRST | dedward@radshield.com**
**Direct Line: 305.774.6075**
**Cell: 786.519.6167**
I find the harder I work the more luck I seem to have.-Thomas Jefferson



---

**From:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>
**Date:** Wednesday, November 27, 2019 at 2:16 PM
**To:** Dan Edward <dedward@radshield.com>
**Cc:** Naji Osman <naji@techflow.com.sa>, "S. Maswood" <SMaswood@nats-usa.com>
**Subject:** RE: NATS PO # 909103 for 1500 pcs/ Tech Flow

Dear Dan,

Pursue to your agreement below, I attached Rev A of NATS PO # SA-909103. please send us your company invoice to remit payment.
Naji has agreed to extend the delivery to 4 months. Please expedite the order

Yours Sincerely,
*Maysoon R. Hasan*
Area Manager
NATS, Incorporated
511 Centerpoint Drive
Middletown, CT 06457
U.S.A.
www.nats-usa.com
☎ **office**: +1-860-635-6820 Ext.111
**fax**: +1-860-635-4962
e-mail: maysoon.hasan@nats-usa.com

 

*Innovative Solutions in Radiation Detection & Analysis*
*Your Single Stop for All Radiation Detection Solution*

---

**From:** Dan Edward <dedward@radshield.com>
**Sent:** Monday, November 25, 2019 12:18 PM
**To:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>
**Subject:** Re: NATS PO # 909103 for 1500 pcs/ Tech Flow

See below, see if you can get this done today.

**Dan Edward | Director of Sales & Business Development | RST Radiation Shield Technologies, Inc.**
**866 7 Demron (866-733-6766) ext 110 | Skype: DEdwardRST | dedward@radshield.com**
Direct Line: 305.774.6075
Cell: 786.519.6167
I find the harder I work the more luck I seem to have.-Thomas Jefferson



---

**From:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>
**Date:** Thursday, November 21, 2019 at 7:12 PM
**To:** Dan Edward <dedward@radshield.com>
**Subject:** RE: NATS PO # 909103 for 1500 pcs/ Tech Flow

Convince the CEO with 65% NET 30. And I will to convince the two parties to delete the penalty from our PO.

Yours Sincerely,

*Maysoon R. Hasan*

Area Manager
NATS, Incorporated
511 Centerpoint Drive
Middletown, CT 06457
U.S.A.
www.nats-usa.com
☎ **office:** +1-860-635-6820 Ext.111
**fax:** +1-860-635-4962
e-mail: maysoon.hasan@nats-usa.com



---

**From:** Dan Edward <dedward@radshield.com>
**Sent:** Thursday, November 21, 2019 4:39 PM
**To:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>
**Subject:** Re: NATS PO # 909103 for 1500 pcs/ Tech Flow

I told Dr Jazi at Tech Flow if he could make 35% deposit and 35% at time of shipping I would do everything I could to convince my CEO to allow the remaining 30% to be net 30.

First and most importantly this will take the 120 days from the date we receive the deposit. So even if somehow we do agree to a financial payment Tech Flow must get an extension. We won't be subject to a penalty because the lead time started before the distributor came to terms with the manufacturer. Someone really messed up there.

Dan Edward
Director of Sales and Business Development
866.733.6766 ext 110
Direct Line 305.774.6075
Cell 786.519.6167

---

**From:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>
**Sent:** Thursday, November 21, 2019 4:18:06 PM
**To:** Dan Edward <dedward@radshield.com>
**Subject:** RE: NATS PO # 909103 for 1500 pcs/ Tech Flow

Dear Dan,

Honestly, how much you need to secure the raw material for this order? If you do not want to answer, it is ok. it's your right.

I am just trying to find out how we can all done the job, without pressure.

It is a big order, who has this cash in front? Do not make it impossible. Leave a window.

Yours Sincerely,

*Maysoon R. Hasan*
Area Manager
NATS, Incorporated
511 Centerpoint Drive
Middletown, CT 06457
U.S.A.
www.nats-usa.com
☎ **office:** +1-860-635-6820 Ext.111
**fax:** +1-860-635-4962
e-mail: maysoon.hasan@nats-usa.com




*Innovative Solutions in Radiation Detection & Analysis*
*Your Single Stop for All Radiation Detection Solution*

---

**From:** Dan Edward <dedward@radshield.com>
**Sent:** Thursday, November 21, 2019 4:06 PM
**To:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>
**Subject:** Re: NATS PO # 909103 for 1500 pcs/ Tech Flow

Maysoon if it were up to me of course. Our board of directors and CEO met this am and the ONLY option made available was the 25% down and paid in full prior to shipping. Looking back my initial offer to Tech had such low margins that when they said the end user insisted on another 10% we agreed in hopes of the bigger 5000 suit orders to follow. Well with the trade wars between the US and China and tariffs our raw materials costs since the quote in January are up over 50%. It's not that we are even negotiating. I am being bluntly open that financially the terms being asked we would lose

money slow other pending orders and risk relationships with very good current customers. Also there was a BIG lack of understanding on both sides that I know now could have been avoided and will be in the future.

Dan Edward
Director of Sales and Business Development
866.733.6766 ext 110
Direct Line 305.774.6075
Cell 786.519.6167

---

**From:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>
**Sent:** Thursday, November 21, 2019 3:40:30 PM
**To:** Dan Edward <dedward@radshield.com>; Naji Osman <naji@techflow.com.sa>
**Cc:** Syed R. Maswood <SMaswood@nats-usa.com>
**Subject:** RE: NATS PO # 909103 for 1500 pcs/ Tech Flow

Dear Dan,

What if I convinced my director and Tech flow with 35% down Payment? Can you agree for a balance of 65% by LC?

Yours Sincerely,

*Maysoon R. Hasan*
Area Manager
NATS, Incorporated
511 Centerpoint Drive
Middletown, CT 06457
U.S.A.
www.nats-usa.com
☎ **office**: +1-860-635-6820 Ext.111
**fax:** +1-860-635-4962
e-mail: maysoon.hasan@nats-usa.com

 

*Innovative Solutions in Radiation Detection & Analysis*
*Your Single Stop for All Radiation Detection Solution*

---

**From:** Dan Edward <dedward@radshield.com>
**Sent:** Thursday, November 21, 2019 2:53 PM
**To:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>; Naji Osman <naji@techflow.com.sa>
**Cc:** Syed R. Maswood <SMaswood@nats-usa.com>
**Subject:** Re: NATS PO # 909103 for 1500 pcs/ Tech Flow

Hi Maysoon,

I truly appreciate your effort but the only way RST can accept this order is with 25% down and 75% prior to shipping. I hope in the future these things are discussed and agreed upon by both parties and not unilaterally.

**Dan Edward | Director of Sales & Business Development | RST Radiation Shield Technologies, Inc.**
**866 7 Demron (866-733-6766) ext 110 | Skype: DEdwardRST |** dedward@radshield.com
**Direct Line: 305.774.6075**
**Cell: 786.519.6167**
I find the harder I work the more luck I seem to have.-Thomas Jefferson



---

**From:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>
**Date:** Thursday, November 21, 2019 at 2:40 PM
**To:** Dan Edward <dedward@radshield.com>, Naji Osman <naji@techflow.com.sa>
**Cc:** "S. Maswood" <SMaswood@nats-usa.com>
**Subject:** RE: NATS PO # 909103 for 1500 pcs/ Tech Flow

Dear Dan,

To make this work done smoothly, and other businesses in future, we need to work together for the best. If payment is the only obstacles, let us work in this way.

Each one gives an offer of what he can. Then all will work to find a solution in between.
Let us starts with 25% or 35% in front as soon as possible so you can start purchasing the raw material.

If anyone has another solution to start, please let me know,


Yours Sincerely,

*Maysoon R. Hasan*
Area Manager
NATS, Incorporated
511 Centerpoint Drive
Middletown, CT 06457
U.S.A.
www.nats-usa.com
☎ **office**: +1-860-635-6820 Ext.111
**fax:** +1-860-635-4962
e-mail: maysoon.hasan@nats-usa.com

     

*Innovative Solutions in Radiation Detection & Analysis*
*Your Single Stop for All Radiation Detection Solution*

---

**From:** Dan Edward <dedward@radshield.com>
**Sent:** Thursday, November 21, 2019 2:10 PM

**To:** Naji Osman <naji@techflow.com.sa>
**Cc:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>; Syed R. Maswood <SMaswood@nats-usa.com>
**Subject:** Re: NATS PO # 909103 for 1500 pcs/ Tech Flow

Naji,

Then the order cannot be processed. My quote to you included our payment terms. We have a bank ready today to allow 25% deposit from you and 75% from our distributor at the time of shipping. I'm not sure who's mistake it was making these payment arrangements without consulting RST. Also lead time is 4 months from the time RST receives the deposit. Any penalties incurred before the agreed 120 days on the original quote would not be absorbed by RST. My CEO Dr. DeMeo has asked I forward you Naji and your GM Jazi the proposal we have to hopefully save the order. I will forward the email now and hopefully we can still make this happen.

**Dan Edward | Director of Sales & Business Development | RST Radiation Shield Technologies, Inc.**
**866 7 Demron (866-733-6766) ext 110 | Skype: DEdwardRST | dedward@radshield.com**
**Direct Line: 305.774.6075**
**Cell: 786.519.6167**
I find the harder I work the more luck I seem to have.-Thomas Jefferson



**From:** Naji Osman <naji@techflow.com.sa>
**Date:** Thursday, November 21, 2019 at 1:25 PM
**To:** Dan Edward <dedward@radshield.com>
**Cc:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>, "S. Maswood" <SMaswood@nats-usa.com>
**Subject:** Re: NATS PO # 909103 for 1500 pcs/ Tech Flow

Dear Dan,

NATS already have our PO. It is not possible to go back to the LC choice now, LC process will take mor than one month from us to issue. Also our bank LC is not allowing advance payment and you will not got your money before one month at least after submitting shipping docs. So please do your best and help us all solving this issue.

Regards,

On Thu, 21 Nov 2019 at 1:16 PM Dan Edward <dedward@radshield.com> wrote:

Hi Maysoon,

That would be great news! It was made clear to me from my CEO and our directors again today that the balance must be paid in full prior to shipping. Our original invoice accepted by Tech Flow was with our standard payment terms of 50% down and 50% prior to shipping. I hope to hear from you maybe by 3pm, Ive got an appointment outside the office after that. If I have not heard back from you and I do need to consult with Jazi and Naji at Tech Flow regarding the contract offer on the table to accept the LC and make final payment prior to shipping I will be fully transparent and inform you I am doing so.

**Dan Edward | Director of Sales & Business Development | RST Radiation Shield Technologies, Inc.**
**866 7 Demron (866-733-6766) ext 110 | Skype: DEdwardRST | dedward@radshield.com**
**Direct Line: 305.774.6075**

**Cell: 786.519.6167**
I find the harder I work the more luck I seem to have.-Thomas Jefferson



**From:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>
**Date:** Thursday, November 21, 2019 at 12:11 PM

**To:** Dan Edward <dedward@radshield.com>
**Cc:** Naji Osman <naji@techflow.com.sa>, "S. Maswood" <SMaswood@nats-usa.com>
**Subject:** RE: NATS PO # 909103 for 1500 pcs/ Tech Flow

Dear Dan,

I will work to solve this problem by today.


Yours Sincerely,

*Maysoon R. Hasan*
Area Manager
NATS, Incorporated
511 Centerpoint Drive
Middletown, CT 06457
U.S.A.
www.nats-usa.com
☎ **office:** +1-860-635-6820 Ext.111
**fax:** +1-860-635-4962
e-mail: maysoon.hasan@nats-usa.com





*Innovative Solutions in Radiation Detection & Analysis*
*Your Single Stop for All Radiation Detection Solution*

---

**From:** Dan Edward <dedward@radshield.com>
**Sent:** Thursday, November 21, 2019 10:44 AM
**To:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>
**Cc:** Naji Al-Fanjery <naji@techflow.com.sa>; Syed R. Maswood <SMaswood@nats-usa.com>
**Subject:** Re: NATS PO # 909103 for 1500 pcs/ Tech Flow

Hi Maysoon,

It will all be worked out shortly. Exactly about the payment terms, no one has the authority to dictate RST's payment terms. I believe it was a miscommunication and the payment terms were not discussed with RST and things sort of spiraled down from there. RST has our payments terms which we provide to our distributors. Unfortunately RST is not in a position to ship $750,000 of product net 30. NATS is unable to make the payment necessary of $750,000 prior to shipping. We do not have time unfortunately to spend discussing payments terms of other companies except RST's as each day that passes is very costly. If you can provide RST a PO by this afternoon with our payment terms of 25% deposit and 75% prior to shipping we are excited to work with you on this. Tech Flow (Jazi and Naji) will receive a PO today accepting their LC AND with the payment terms RST requires so we can start tomorrow. Im actually walking into our meeting for 1030am right now. I'll be out in about an hour if you would like to call and discuss.

**Dan Edward | Director of Sales & Business Development | RST Radiation Shield Technologies, Inc.**
**866 7 Demron (866-733-6766) ext 110 | Skype: DEdwardRST | dedward@radshield.com**
**Direct Line: 305.774.6075**

**Cell:** 786.519.6167
I find the harder I work the more luck I seem to have.-Thomas Jefferson



**From:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>
**Date:** Thursday, November 21, 2019 at 10:15 AM
**To:** Dan Edward <dedward@radshield.com>
**Cc:** Naji Osman <naji@techflow.com.sa>, "S. Maswood" <SMaswood@nats-usa.com>
**Subject:** RE: NATS PO # 909103 for 1500 pcs/ Tech Flow

Dear Dan:

I do not understand. Who is the other company who got the same PO from Civil Defense in Saudi Arabia? I am confused I have no authority to discuss this PO payment terms.

All I can confirm is that we work with companies like Ametek , Ludlums who have very tight financial controls but who all give us Net 30 terms. This is the First time we faced this problem with US Vendor.
I hope we can solve this soon and process PO which we are holding.


Yours Sincerely,
*Maysoon R. Hasan*
Area Manager
NATS, Incorporated
511 Centerpoint Drive
Middletown, CT 06457
U.S.A.
www.nats-usa.com
☎ **office**: +1-860-635-6820 Ext.111
**fax:** +1-860-635-4962
e-mail: maysoon.hasan@nats-usa.com




*Innovative Solutions in Radiation Detection & Analysis*
*Your Single Stop for All Radiation Detection Solution*

**From:** Dan Edward <dedward@radshield.com>
**Sent:** Wednesday, November 20, 2019 7:01 PM
**To:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>
**Subject:** Re: NATS PO # 909103 for 1500 pcs/ Tech Flow

Hi Maysoon,

Thank you for the quote. Unfortunately RST cannot accept your payment terms and will use another company for this order. I do hope we continue to receive RFQ's and know we will be working together more and more in 2020.

I promise on less significant orders we will do our best to work with NATS on payment terms. Even if we received 75% deposit and were net 30 for 25% on this order we couldn't do it.

I hope to hear from you soon on the next one!


Dan Edward
Director of Sales and Business Development
866.733.6766 ext 110
Direct Line 305.774.6075
Cell 786.519.6167

---

**From:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>
**Sent:** Wednesday, November 20, 2019 2:15:17 PM
**To:** Dan Edward <dedward@radshield.com>; Syed R. Maswood <SMaswood@nats-usa.com>
**Cc:** Naji Al Fanjary (naji@healthphysics.com.sa) <naji@healthphysics.com.sa>
**Subject:** NATS PO # 909103 for 1500 pcs/ Tech Flow


Dear Dan,


Attached is NATS PO # SA-909103 regarding the 1500 suits for Tech Flow/Saudi Arabia


Look forward to receiving your invoice and the acknowledgment.


Yours Sincerely,

*Maysoon R. Hasan*

Area Manager

NATS, Incorporated

511 Centerpoint Drive

Middletown, CT 06457

U.S.A.

**www.nats-usa.9090103com**

☎ **office**: +1-860-635-6820 Ext.111

**fax**: +1-860-635-4962

e-mail: maysoon.hasan@nats-usa.com

  

*Innovative Solutions in Radiation Detection & Analysis*
*Your Single Stop for All Radiation Detection Solution*

---

**From:** Dan Edward <dedward@radshield.com>
**Sent:** Monday, November 18, 2019 11:49 AM
**To:** Maysoon Hasan <Maysoon.Hasan@nats-usa.com>; Syed R. Maswood <SMaswood@nats-usa.com>
**Subject:** Invoice for Tech Flow

Hi Maysoon,

Please find the attached invoice for the Tech Flow order. Please let me know if you have any questions.

**Dan Edward | Director of Sales & Business Development | RST Radiation Shield Technologies, Inc.**
**866 7 Demron (866-733-6766) ext 110 | Skype: DEdwardRST | dedward@radshield.com**
**Direct Line: 305.774.6075**

**Cell: 786.519.6167**
I find the harder I work the more luck I seem to have.-Thomas Jefferson


Radiation Shield Technologies

--
Naji Osman,CBRNe, NDT
| Executive & Sales Manager | Tech Flow Co. |

|P.O.Box 286947 Riyadh 11323| Kingdom of Saudi Arabia |
|Tel :( +966) 11 487 9944 | F: (+966) 11 4533411| M: (+966)507929977 |

## MUTUAL CONFIDENTIALITY
## AND NONDISCLOSURE AGREEMENT

THIS MUTUAL CONFIDENTIALITY AND NONDISCLOSURE AGREEMENT is made and entered into this 2nd day of December, 2019 (the "Effective Date") by and between **RADIATION SHIELD TECHNOLOGIES, INC.**, a Delaware corporation ("RST"), and **NATS INCORPORATED** ("Company") with its headquarter offices at : 511 Centerpoint Drive, Middletown, CT 06457.

### W I T N E S S E T H :

**Whereas**, the Company has expertise as a distributor;

**Whereas**, RST possesses certain patent and/or other intellectual property rights pertaining to the production of both traditional and nano-based radiation blocking products; and in the lamination, injection molding, thermaforming and compounding of various materials to its products, including but not limited to chemical and biological resistant films and rubber; and

**Whereas,** the parties desire to evaluate a possible business relationship or transaction between RST and the Company, whereby the Company may sell the Demron ICE Suit (the "Proposed Transaction") and whereby the parties may provide certain confidential information to each other concerning their respective proprietary information, business, financial condition, and operations.

**In consideration thereof**, the parties agree as follows:

1.   **Evaluation Material.**

   1.1.   As used herein, the term "Evaluation Material" means any of the following types of information: (i) all data, know-how, formulae, processes, technology, ingredients, methods, procedures, inventions, ideas, business methods, business practices, business concepts, client lists, information, research, samples, models, prototypes, reports, analyses, notes, interpretations, forecasts, records, documents, agreements and information which are proprietary to a party, which are not generally available to the public, which the disclosing party or its Representatives (as defined below) will provide or previously has provided to the receiving party or its Representatives in connection with the Proposed Transaction, and/or which the receiving party or its Representatives receive or receive knowledge of or access to in connection with the Proposed Transaction, at any time and in any form, whether or not expressly marked as proprietary or confidential;

Initial __A-G'__ Date __12|12|19__ Initial __f__ Date_____

(ii) all notes, analyses, compilations, studies, interpretations or other documents and all copies thereof prepared by either party or its Representatives, which contain, reflect or are based upon, in whole or in part, any of the information which is described in the preceding clause (i); and (iii) the content and substance of any discussions or negotiations between the parties (or its Representatives) and the fact that such discussions or negotiations have taken place. The term "Evaluation Material" does not include information that (a) is or becomes generally available to the public other than as a result of a disclosure by the receiving party or its Representatives; (b) a party can show was within its possession prior to its being furnished to such party by or on behalf of the other; (c) was received by a party on a non-confidential basis from a third party; or (d) is independently developed by a party without the aid, application or use of the Evaluation Material.

   1.2.    As used herein, the term "Representatives" means, collectively, the respective directors, officers, employees, agents, attorneys, professionals, or technical consultants of each party, as the context requires.

   1.3.    As used herein, the term "person" shall be broadly interpreted to include without limitation any corporation, partnership, joint venture, trust, or individual.

   1.4.    The parties acknowledge that all Evaluation Material is the exclusive property of the disclosing party and that the receiving party shall have no proprietary interest therein. Each party will use the other party's Evaluation Material solely for the purpose of evaluating the Proposed Transaction and shall not use any Evaluation Material in any way directly or indirectly detrimental to the disclosing party. A receiving party may disclose the Evaluation Material of the other or portions thereof only to those of its Representatives who need to know such information for the purpose of evaluating the Proposed Transaction and who agree to keep such information confidential.

   1.5.    The receiving party and its Representatives shall keep confidential all Evaluation Material of the disclosing party. Each party will inform each of its Representatives of the confidential nature of the Evaluation Material and of the provisions of this agreement, and will cause each such Representative to agree to comply fully with the restrictions on use of the Evaluation Material contained in this agreement. Each party will be responsible for any breach of this agreement or improper use of Evaluation Material by any of its Representatives or by any other person to whom information is provided by such party or its Representatives.



**1.6.** Without the prior written consent of the other party, each of the parties agrees that it will not, and will direct its Representatives not to, disclose to any person either the fact that any investigations, discussions or negotiations are taking place concerning a possible business relationship or transaction, that either party has requested or received Evaluation Material from the other, or any of the terms, conditions, or other facts with respect to any such business relationship or transaction, including, but not limited to, the status thereof and the terms or provisions of any proposal or offer made by either party, whether written or oral. Either party may only make such disclosures required by applicable securities laws as are necessary to comply therewith or with the rules and regulations of any applicable stock exchange.

**2.    Samples/Models/Prototypes/Assignment.**

**2.1.** The receiving party shall not, without prior written consent of the disclosing party test, evaluate, or use for purposes other than set forth in this agreement any samples, models, prototypes, or other Evaluation Materials provided by the disclosing party. Further, the receiving party shall not, without the express written consent of the disclosing party, analyze, reverse engineer, decompile, dissemble, sell, transfer, disclose, or publish such samples, models, prototypes, or other Evaluation Material. Unless a separate Joint Development Agreement has been established between both parties, any modification, improvements, or re-engineering of RST's technology whether patentable or not shall be wholly and unconditionally assigned to RST.

**2.2.** However, the receiving party may conduct testing in order to determine the performance and suitability of the samples, models, prototypes, or other Evaluation Material for processing on its equipment, in order to evaluate the results and whether the finished product contains certain desired properties, and/or for such other limited purposes as contemplated by the parties as of the date of this agreement. Each party permits the other to conduct such testing provided that such testing shall be limited to what is reasonably necessary for the Proposed Transaction and that the receiving party shall not disclose the results of such testing to any third party without the prior written consent of the disclosing party.

**2.3.** Any improvements, modifications, re-designs, or new applications of RST materials performed by Company or any of its officers or employees pursuant to the Proposed Transaction, patentable or not, will be wholly and unconditionally assigned to RST. Any and all test data and know how regarding the proposed project shall be fully disclosed to RST and be the property of RST. No test results or know how regarding the proposed project shall be disclosed by the Company without RST's written consent. Such consent can only be given by the Chief Executive Officer of RST.

3

**3.    Compelled Disclosures.**

**3.1.**    In the event that Company, or any of its Representatives, becomes legally compelled (e.g., by deposition, interrogatory, request for documents, subpoena, civil investigative demand or similar process) to disclose any of RST's Evaluation Material, such party shall provide RST with prompt prior written notice of such requirement so that RST may seek a protective order or other appropriate remedy and Company shall cooperate fully with the RST's efforts to obtain any such relief.  In the event that such protective order or other remedy is not obtained, Company will provide only that portion of the Evaluation Material that it is advised by written opinion of counsel is legally required. Such disclosure may expose Company to any liability under this agreement if such disclosure was caused by, or resulted from, a previous disclosure by such party or its Representatives that was not permitted by this agreement.

**3.2.**    The disclosing party agrees to exercise its best efforts to obtain a protective order or other reliable assurance that confidential treatment will be accorded such Evaluation Material. The party being compelled to make disclosure shall be reimbursed for all reasonable expenses incurred by it or its Representatives in complying with this paragraph 3, except to the extent such amounts are recoverable from the party compelling disclosure.  Such party agrees to exercise its best efforts to recover all expenses that are recoverable from the party compelling disclosure.

**4.    Treatment of Information.**

**4.1.**    If at any time either party requests, the other party promptly will return to the requesting party all copies of such party's Evaluation Material in its possession or in the possession of its Representatives, will destroy all copies of any analyses, compilations, studies, or other documents prepared by it or for its use containing or reflecting any such Evaluation Material, and will furnish the requesting party with prompt written confirmation of such destruction.

**4.2.**    Notwithstanding the return or destruction of any Evaluation Material, the parties will continue to be bound by their confidentiality and other obligations under this agreement.

**5.    No Obligation With Respect to Negotiations.**

**5.1.**    The parties understand and agree that no contract or agreement providing for any business relationship or transaction shall be deemed to exist unless and until a definitive written agreement (a "Definitive Agreement") has been executed and delivered, and each party hereby waives, in advance, any claims (including, without limitation, breach of contract, quantum meruit, and unjust enrichment) in connection with any such business relationship or transaction unless and until the parties shall have entered into a Definitive Agreement.

4



**5.2.**     Each party also agrees that unless and until a Definitive Agreement with respect to any business relationship or transaction is executed and delivered, neither party will have any legal obligation of any kind with respect to any such business relationship or transaction by virtue of this agreement or any other written or oral expression with respect to such transaction except, in the case of this agreement, for the matters specifically agreed to herein.

**5.3.**     The term "Definitive Agreement" does not include an executed letter of intent or any other preliminary written agreement, nor does it include any written or verbal agreement in principle or acceptance of an offer or bid, except to the extent therein otherwise provided.

**5.4.**     Each party reserves the right to reject any and all proposals made by the other or any of its Representatives with respect to a business relationship or transaction or otherwise and to terminate negotiations and discussions with respect thereto at any time.   Each party's obligations under this agreement will survive any such rejection or termination.

6.     **<u>Miscellaneous.</u>**

**6.1.**     The parties understand and agree that this agreement shall be for the benefit of the parties hereto, as well as for the benefit of RadGuard, Inc. and Meridian Research and Development, Inc., affiliates of RST.  The parties further agree that this agreement shall be for the benefit of the parties and their directors, officers, stockholders, owners, affiliates, and agents.

**6.2.**     The parties agree that this agreement will be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

**6.3.**     Every provision of this agreement is intended to be severable.  If any term or provision hereof is illegal or invalid for any reason whatsoever, such illegality or invalidity shall not affect the remainder of this agreement.

**6.4.**     The term of this agreement shall be a period of two (2) years from the date of this agreement; provided that any Evaluation Material that constitutes a "trade secret" under the Florida Uniform Trade Secrets Act and/or is identified by RST in writing to Company as such, shall be kept confidential as long as required under such Act.

**6.5.**     The parties agree that money damages would not be a sufficient remedy for any violation of the terms of this agreement, and, accordingly, that the parties shall be entitled to seek equitable relief, including injunctive relief and specific performance in the event of any breach of the provisions of the agreement, in addition to all other remedies available at law or in equity.

**6.6.**     It is understood and agreed that no failure or delay in exercising any right, power or privilege hereunder will operate as a waiver thereof, nor will any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

A-h

7.    **Governing Law; Arbitration; Choice of Venue; Consent to Jurisdiction.**

7.1.    This Agreement and the performance hereunder shall be governed by and construed in accordance with the substantive laws of the State of Florida, without reference to conflicts of laws principles.

7.2.    All disputes arising in connection with this Agreement, or in connection with any other agreement or transaction between the parties to this Agreement, including without limitation any difference or despite regarding the interpretation of this Agreement or any other agreement between the parties hereto, whether or not such other agreement is related or ancillary to this Agreement, or any relationship of the parties hereto, whether or not related to the subject matter of this Agreement, shall be fully and finally settled through arbitration under the rules of the American Arbitration Association, by one arbitrator appointed in accordance with said rules. The situs of the arbitration shall be Miami, Florida, United States of America. Arbitration proceedings shall be conducted in English. All costs of the arbitration shall be the sole responsibility of each party, including without limitation attorneys' fees, costs and witness expenses. Once the arbitration hearing is commenced, it shall remain in session during the normal business hours for each following business day (weekends and United States holidays excepted), until concluded. The arbitrator shall issue an award along with a written opinion within thirty (30) days of the conclusion of the arbitration hearing. The parties agree that the arbitration, the award and its terms, and the arbitrator's written opinion shall be confidential.

7.3.    The award and any order of the arbitrator shall be final and binding on all parties to such arbitration, and judgment thereon may be entered in any court having jurisdiction thereof.

7.4.    Each party consents to the personal and subject matter jurisdiction of the arbitration proceedings, as provided herein, and waives any defense based upon forum nonconveniens or lack of personal or subject matter jurisdiction.

7.5.    Each party acknowledges, agrees and represents that the provisions contained with respect to governing law, arbitration, choice of venue and jurisdiction, as well as the remaining provisions of this Agreement, have been negotiated and entered into voluntarily after consultation by each party with its legal counsel and with a full understanding of the business and legal consequences of such provisions and this Agreement.

**IN WITNESS WHEREOF,** the parties have executed this agreement as of the date first above written.

**NATS Incorporated**                          **Radiation Shield Technologies, Inc.**


By:    Dr. Awatef Gacem                          By:    Ronald F. DeMeo, M.D.
Title:  President                                Title:  CEO and President
Date:   December 2, 2019                          Date:   December 2, 2019