UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------- x
NATS, INC.,                     :
                                :
        Plaintiff,              :
                                :
v.                              :   Civil No. 3:21-cv-430(AWT)
                                :
RADIATION SHIELD TECHNOLOGIES,  :
INC., RONALD DEMEO, and DANIEL  :
EDWARD,                         :
                                :
        Defendants.             :
------------------------------- x
```

**ORDER RE DEFENDANTS' DEMAND FOR A JURY TRIAL**

For the reasons set forth below, the court hereby strikes the defendants' demand for a jury trial (ECF No. 74).

The right to a jury trial on the issue of the creation of an arbitration agreement is governed by the Federal Arbitration Act, specifically 9 U.S.C. § 4. Under Section Four, a "party aggrieved" by the refusal of another party to arbitrate may petition the court for an order directing that the "party in default" be compelled to arbitrate. 9 U.S.C. § 4. Here, the defendants are the "part[ies] aggrieved,"[1] and NATS, Inc. is the "party alleged to be in default." Id.

Section Four provides:

> If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial

---

[1] Although the individual defendants are not parties to the non-disclosure agreement that contains the arbitration clause, they rely on it in their motion to compel arbitration.

1349-50 (11th Cir. 2017). In Burch, the plaintiff brought an action alleging violations of the Equal Pay Act of 1963, 29 U.S.C. § 206(d)(1), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981 and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. The court granted summary judgment in favor of the defendant on all claims except the Equal Pay Act claim. On that claim it denied the motion for summary judgment and granted the employer's motion to compel arbitration.

The plaintiff maintained that his general demand in his complaint for a jury trial covered an issue relating to whether an agreement to arbitrate existed. The court held that that general demand in the complaint did not constitute a demand for a jury trial on the issue related to the making of an arbitration agreement, as required by Section Four of the Federal Arbitration Act:

> To preserve his statutory right to a jury trial on the making of his arbitration agreement, "the party alleged to be in default"—[the plaintiff]—was obligated to demand a jury trial of "such issue" "on or before the return day of the notice of application" to submit to arbitration . . . . 9 U.S.C. § 4 (emphasis added). In its use of the term "such issue," Section 4 clearly contemplates that a party must make a specific demand for a jury trial on a specific issue related to the "making of the arbitration agreement or the failure, neglect, or refusal to perform the same," to preserve its right to a jury trial on the issue. Id. Here, it is undisputed that [the plaintiff's] only jury demand came in the form of a general demand in his complaint. Because [the plaintiff] failed to demand a jury trial on a

3

> specific issue related to the making of the arbitration agreement, he waived his right to a jury trial on that issue.

Id. at 1349-50. See also James v. RD Am., LLC, No. 3:16-CV-1445, 2019 WL 4140814, at *4 (D. Conn. Aug. 30, 2019) ("A number of courts have recognized that a party must specifically demand a trial on the making of the arbitration agreement in order to preserve that right under 9 U.S.C. § 4." (citing Burch, 861 F.3d at 1349-50; King v. Cap. One Bank (USA), N.A., No. 3:11-cv-68, 2012 WL 4404862, at *1 (W.D. Va. Sept. 25, 2012) ("[A] general jury demand in a complaint does not obviate the need to specifically request a jury trial under Section 4 of the FAA."); Blatt v. Shearson Lehman/Am. Express Inc., No. 84 Civ. 7715, 1985 WL 2029, at *2 (S.D.N.Y. Jul. 16, 1985) ("Plaintiff has not made a timely demand for jury trial under section 4 of the Act, which required such a demand on or before the return day of defendants' notice of application to compel arbitration, which was May 17, 1985. Accordingly the issue will be resolved by summary trial to the Court[.]"))); Yeomans v. World Fin. Grp. Ins. Agency, LLC., No. 20-16937, 2021 WL 5356537, at *2 (9th Cir. Nov. 17, 2021) ("Only 'the party alleged to be in default' of the arbitration agreement may demand a jury trial under the Federal Arbitration Act." (quoting 9 U.S.C. § 4)).

It is so ordered.

Signed this 18th day of February 2022 at Hartford,

4

Connecticut.

                                      /s/ AWT
                                  Alvin W. Thompson
                        United States District Judge