```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

------------------------------- x
                                :
NATS, INC.,                     :
                                :
                                :   Civil No. 3:21-CV-430
         Plaintiff,             :
                                :
v.                              :
                                :
RADIATION SHIELD TECHNOLOGIES,  :
INC., DANIEL EDWARD, and RONALD :
DEMEO.                          :
                                :
         Defendants.            :
------------------------------- x
```

**CORRECTED ORDER RE MOTION FOR RECONSIDERATION**

For the reasons set forth below, the Motion for Reconsideration and for Relief from Order (ECF No. 167) filed by plaintiff NATS, Inc. ("NATS") is hereby GRANTED in part and DENIED in part. The motion is being granted to the extent it seeks to have the court vacate its order granting the Amended Motion to Compel Arbitration (ECF No. 145). In all other aspects the motion is being denied.

**I. The Amended Motion to Compel Arbitration.**

On May 17, 2023 the defendants filed an amended motion to compel arbitration. Plaintiff NATS moved for an extension of time to file a response on May 30, 2023, see ECF No. 147, and on June 26, 2023, see ECF No. 153. In granting the motion filed on June 26, 2023 the court stated: "The plaintiff shall file its

response on or before 21 days after a ruling is issued on the plaintiffs Motion to Strike Defendants Amended Motion to Compel (ECF No. 146)." ECF No. 154.

As NATS correctly points out, a ruling on the Motion to Strike Defendants Amended Motion to Compel was not entered until December 20, 2023. Thus, by granting the Amended Motion to Compel Arbitration on December 20, 2023, the court deprived NATS of its right to file an opposition.

Therefore, the "ORDER" (ECF No. 163), granting that motion is hereby vacated and the docket shall reflect that the Amended Motion to Compel Arbitration (ECF No. 145) is a pending motion. Briefing on this motion shall proceed in accordance with the Local Rules.

## II. **The Memorandum of Decision.**

NATS also seeks reconsideration of the Memorandum of Decision (ECF No. 162), arguing that "this Court's decision renders a substantial injustice because: . . . (2) it did not address NATS' two pending Motions for Sanctions, ECF Nos. 136, 159; (3) it is inconsistent with the record of the case; (4) and it overlooks key evidence." Mot. for Recons. and for Relief from Order (ECF No. 167) at 1.

NATS advances a number of arguments with respect to these points at pages 18 to 21 of its memorandum in support of its

motion for reconsideration.[1] NATS points to three "factual inaccuracies," but these are simply disagreements with the court's findings of fact. Mem. in Supp. of NATS' Mot. for Recons. and for Relief from Order (ECF No. 167-1) at 16. For example, at page 16 of the memorandum NATS relies on testimony by Mr. Maswood. As the finder of fact, the court decides whether to credit all, none or part of each witness's testimony. After reviewing other evidence in this case the court did not credit this testimony by Mr. Maswood. In drafting the ruling the court sought to avoid making statements that were not necessary to explain its reasoning but might be used unfairly against parties in a subsequent arbitration proceeding.

With respect to the other two points, NATS simply disagrees with the court's reading of certain documents in the record and inferences the court has drawn. But in any event the courts decision focused on the fact that "[t]his conduct on the part of NATS manifested assent by NATS to the Revised NDA. NATS knew, or at a minimum had reason to know, that RST had concluded, based on conduct of the individuals at NATS, that NATS assented to the Revised NDA." Mem. of Decision (ECF No. 162) at 14.

NATS asserts that:

---

[1] The page numbers cited to in this order for documents that have been electronically filed refer to the page numbers in the header of the documents and not to the page numbers in the original documents, if any.

> Tech Flow sent to NATS a copy of this new amended NDA. NATS did not know that it had been modified; NATS merely believed that the amended NDA was the same as the original NDA. Testimony of S. Maswood, Tr. 2/7/2022 at 112. NATS did not read the amended NDA – and why would it? NATS had made it unequivocally clear to RST that there would be no valid NDA unless and until the parties agreed to a simultaneous distribution agreement. See P.I. Pl. Ex. 7. NATS wholeheartedly believed it was the original, and Tech Flow made no representations otherwise. So NATS signed it and sent it to Tech Flow as a means to assuage Tech Flow's concerns. Testimony of S. Maswood, Tr. 2/7/2022 at 110.

Mem. in Supp. of NATS' Mot. for Recons. and for Relief from Order at 20. The fact that the court found otherwise does not reflect that it overlooked key evidence. Rather, the court did not adopt NATS' version of the facts.

NATS also cites to the court's comments during the hearing on the motion for a preliminary injunction held in February of 2022. However, the fact that the court concluded that NATS had shown a likelihood of success on the merits at that time did not bind the court to find in its favor once the court reached the merits and had time to carefully evaluate all of the documents and testimony, and the legal arguments by counsel.

Finally, the court reviewed the plaintiff's motions for sanctions but chose not address the substance of those motions because no order the court would have entered, had it granted either motion, would have had an impact on the court's analysis

of the issue of whether there was a valid and binding agreement to arbitrate, which is the threshold issue in this litigation.

\* \* \*

It is so ordered.

Dated this 20th day of March 2024, at Hartford, Connecticut.

/s/
Alvin W. Thompson
United States District Judge
