UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------ x
                               :
NATS, INC.,                    :
                               :
                               :  Civil No. 3:21-CV-430
          Plaintiff,           :
                               :
v.                             :
                               :
RADIATION SHIELD TECHNOLOGIES, :
INC., DANIEL EDWARD, and RONALD:
DEMEO.                         :
                               :
          Defendants.          :
------------------------------ x
```

ORDER RE AMENDED MOTION TO COMPEL ARBITRATION

For the reasons set forth below, the defendants' Amended Motion to Compel Arbitration (ECF No. 145) is hereby DENIED, and this case is STAYED pending arbitration.

The court agrees with plaintiff NATS, Inc. that it should deny the instant motion because the court lacks authority to compel arbitration in Florida. While Section 4 of the Federal Arbitration Act ("FAA") empowers district courts to compel arbitration "in accordance with the terms of the [parties'] agreement," it also dictates that the "hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed." 9 U.S.C. § 4. As many courts in this Circuit have observed, Section 4's language creates a internal conflict where, as here,

the arbitration agreement sets the arbitration forum outside the
district in which the motion to compel is pending. See e.g.,
DaPuzzo v. Globalvest Mgmt. Co., L.P., 263 F. Supp. 2d 714, 727
(S.D.N.Y. 2003) ("Thus, § 4 embodies a mandate that in some
cases may engender an internal conflict: it directs both that
the court enforce an arbitration agreement in accordance with
its terms and that it may direct arbitration only if it is to
occur within the court's own district."); Klein v. ATP Flight
Sch., LLP, 2014 U.S. Dist. LEXIS 91102, at *34 (E.D.N.Y. July 3,
2014).  "Although the Second Circuit has not decided the
question of whether Section 4 precludes a district court from
compelling arbitration outside of its district, persuasive
decisions in this Circuit have routinely held that it does." Law
Offices of Manson v. Keiko Aoki, 2020 U.S. Dist. LEXIS 1768, at
*12 (S.D.N.Y. Jan. 3, 2020) (collecting cases); see also
Robinson v. Entm't One US LP, 2015 U.S. Dist. LEXIS 71117, at
*11 (S.D.N.Y. June 2, 2015) (". . . courts within this Circuit
consistently have construed the venue limitation imposed
by section 4 as a statutory restriction on the court's power,
notwithstanding the provisions of the arbitration agreement."
(quoting Couleur Int'l Ltd. v. Saint-Tropez W., a Div. of
California Fashion Indus., Inc., 547 F. Supp. 176, 177-78
(S.D.N.Y. 1982)); Vertucci v. Orvis, 2006 U.S. Dist. LEXIS
39320, at *12 (D. Conn. May 30, 2006) ("This Court's authority

to compel arbitration under Section 4 of the FAA is restricted to arbitration proceedings that occur within this District.").

In the instant action, the parties' arbitration agreement designates Florida as the arbitration forum. Accordingly, because the designated arbitration forum is outside this district, the court lacks authority to compel arbitration pursuant to that agreement despite its finding that the parties entered into a valid and binding agreement to arbitrate.

The defendants' note in their reply memorandum that "upon a finding that arbitration is appropriate, this Court can either (i) dismiss the case in favor of arbitration, or (ii) stay the action pending the resolution of the arbitration." Def.s' Reply to NATS, Inc.'s Memo. of Law in Opp'n to Def.s' Am. Mot. to Compel (ECF No. 173) at 1-2. Although it is not clear that the defendants have requested a stay, after reviewing Katz v. Cellco P'ship, 794 F.3d 341 (2d Cir. 2015), the court concludes that the most appropriate action at this point is to stay this action pending arbitration. See also Alfonso v. Maggies Paratransit Corp., 203 F. Supp. 3d 244, 253 (E.D.N.Y. 2016) ("Although neither party has requested a stay here, the Court finds that the same policy reasons relied on in Katz support a stay of the case here."). Accordingly, the court is staying this case pending the outcome of the parties' arbitration.

As to the additional argument made by NATS, Inc., the court held a trial on the issue on whether there was an agreement to arbitrate and concluded that the parties had entered into a valid and binding agreement to arbitrate. See Memorandum of Decision (ECF No. 162). The court subsequently denied the plaintiff's Motion for Reconsideration and for Relief from Order (ECF No. 162) with respect to the courts determination that the had parties entered into a valid and binding agreement to arbitrate. See Corrected Order Re Motion for Reconsideration (ECF No. 171). Most of NATS, Inc.'s opposition to the instant motion is in substance an attempt to relitigate that issue, including by introducing new evidence and using a standard applicable to that for a motion for summary judgment. That argument is unavailing.

It is so ordered.

Dated this 17th day of April 2024, at Hartford, Connecticut.

/s/
_____
Alvin W. Thompson
United States District Judge