```
                        UNITED STATES DISTRICT COURT
                          DISTRICT OF CONNECTICUT

-------------------------------- x
                                 :
NATS, INC.,                      :
                                 :
                                 :  Civil No. 3:21-CV-430
          Plaintiff,             :
                                 :
v.                               :
                                 :
RADIATION SHIELD TECHNOLOGIES,   :
INC., DANIEL EDWARD, and RONALD  :
DEMEO.                           :
                                 :
          Defendants.            :
-------------------------------- x
```

## ORDER RE DEFENDANTS' MOTION FOR SANCTIONS

Defendants Radiation Shield Technologies, Inc. ("RST"), Daniel Edward ("Edward"), and Ronald Demeo ("Demeo") move for the imposition of sanctions against the plaintiff, NATS, Inc. For the reasons set forth below, the defendants' motion is being denied.

**I.   BACKGROUND**

In March 2021, the plaintiff filed a complaint against the defendants bringing claims for breach of contract, fraud, piercing the corporate veil, and violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a, et seq. In May 2021, the defendants moved to compel arbitration of the plaintiff's claims based on a purported contractual agreement to submit all claims to arbitration. The

court held a trial on the issue of whether the parties had entered into a valid and binding agreement to arbitrate, and concluded that there was such an agreement. See Memorandum of Decision (ECF No. 162).

In April 2024, the court denied the defendants' motion to compel arbitration because it lacked authority to compel arbitration in another jurisdiction. See Order re Motion to Compel Arbitration (ECF No. 174) at 1-3. Instead, the court stayed the matter pending arbitration. See id. at 3-4.

The defendants contend that sanctions against the plaintiff, in the form of an award of attorneys' fees, are warranted because the plaintiff claimed throughout the proceedings that NATS was not bound by an agreement to arbitrate, despite the court's ultimate conclusion to the contrary. See Defs. Memorandum in Support of Motion for Sanctions (ECF No. 176-1) at 1. The defendants cite to allegedly "baseless[]" testimony by Mr. Syed Maswood ("Maswood"), the founder of NATS, as grounds for sanctions. See id. at 1. They maintain that, during his testimony, Maswood suggested that one of the contractual agreements between the parties "was the product of a conspiracy between Defendant and one of Plaintiff's customers, that Defendant 'cheated' Plaintiff, and that Defendant 'doctored' the resulting NDA." Id. at 1. The plaintiff maintains that the defendants have not shown "by clear and

-2-

convincing evidence that Mr. Maswood's testimony was anything other than his truthful recollection" or that his "statements were knowingly false." Pl. Opposition to Defs. Motion for Sanctions (ECF No. 177) at 16-17.

## II.    LEGAL STANDARD

"Under the inherent power of the court to supervise and control its own proceedings, an exception to the American Rule has evolved which permits the court to award a reasonable attorneys' fee to the prevailing party when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . '" Oliveri v. Thompson, 803 F.2d 1265, 1272 (2d Cir. 1986)(quoting F.D. Rich Co., Inc. v. United States ex rel. Indus. Lumber Co., Inc., 417 U.S. 116, 129 (1974)). A court may utilize its inherent power to sanction bad-faith conduct undertaken by either counsel or parties themselves. See id. at 1272.

Sanctions "may be imposed either for commencing or for continuing an action in bad faith . . . ." Id. at 1272. That is, "'bad faith' may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation." Hall v. Cole, 412 U.S. 1, 15 (1973). See also Browning Debenture Holders' Comm. v. DASA Corp., 560 F.2d 1078, 1088 (2d Cir. 1977)(attorneys' fees may be "based on procedural bad faith or harassment" after litigation has commenced). "[A]n award of

attorneys' fees . . . under the bad-faith exception" must be based on "clear evidence that the challenged actions are entirely without color, and [are taken] for reasons of harassment or delay or for other improper purposes." Dow Chem. Pac. Ltd. v. Rascator Mar. S.A., 782 F.2d 329, 344 (2d Cir. 1986) (citations and internal quotation marks omitted).

Courts may utilize their inherent powers to sanction parties who provide perjured or fraudulent testimony. See, e.g., Radecki v. GlaxoSmithKline, 646 F. Supp. 2d 310, 316 (D. Conn. 2009) (imposing sanctions where "the plaintiff willfully provided false testimony for the improper purpose of causing the jury to feel sympathy for him"); Pitre v. City of New York, 713 F. Supp. 3d 13, 16-18 (S.D.N.Y. 2024)(imposing sanctions on plaintiff who "attempted fraud on the Court" by concealing and lying about a prior lawsuit, in which he recovered for the same injury against a different entity and pleaded inconsistent facts); Almeciga v. Ctr. for Investigative Reporting, 185 F. Supp. 3d 401, 427, 435 (S.D.N.Y. 2016) (imposing sanctions after finding "by clear and convincing evidence that plaintiff perpetrated a fraud on the Court by pressing critical and serious allegations that she knew to be false"); McMunn v. Mem'l Sloan-Kettering Cancer Ctr., 191 F. Supp. 2d 440, 448 (S.D.N.Y. 2002) (imposing sanctions after a party, among other things,

"lied at her deposition" and "spoiled highly relevant evidence [to the contrary] intentionally and in bad faith").

Perjury is defined as "'false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.'" Radecki, 646 F.Supp.2d at 315 (quoting United States v. Dunnigan, 507 U.S. 87, 94 (1993)). A party commits fraud on the court if that party "lies to the court and his adversary intentionally, repeatedly, and about issues that are central to the truth-finding process." McMunn, 191 F.Supp.2d at 445.

"[A] court should not impose sanctions on a party or attorney pursuant to its inherent authority unless it finds, by clear and convincing evidence, that the party or attorney knowingly submitted a materially false or misleading pleading, or knowingly failed to correct false statements, as part of a deliberate and unconscionable scheme to interfere with the Court's ability to adjudicate the case fairly." Almeciga, 185 F. Supp. 3d at 427 (citation and internal quotation marks omitted). "Because of their very potency, inherent powers must be exercised with restraint and discretion." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991).

**III. DISCUSSION**

The defendants argue that sanctions are warranted for two reasons. First, the defendants argue that "Plaintiff claimed a conspiracy between Defendant and Plaintiff's own customer TechFlow, claimed that the NDA presented to the Court was 'doctored,' and claimed that Defendant had 'cheated' Plaintiff in the past. Plaintiff presented no evidence supporting any such claim. On the contrary, the evidence is clear and convincing that Maswood knew these claims were baseless when he made them." Defs. Memorandum in Support of Moion in Support of Sanctions (ECF No. 176-1) at 13-14. Second, the defendants contend that, "[a]ll of Maswood's testimony regarding the efficacy of the NDA was either directly contradicted by the documents of record[], calculated to baselessly impugn Defendant, or internally contradictory. Defendant respectfully requests that this Court find that the evidence shows, clearly and convincingly, that Maswood made his assertions without a colorable basis in fact or law, warranting sanctions." Id. at 16.

The court disagrees with both of these contentions. This case is far from being one where clear and convincing evidence shows that the plaintiff presented no evidence in support of its claims or that assertions were made on behalf of the plaintiff without a colorable basis in fact or law. To the contrary, the plaintiff had a more than colorable basis for its contentions in

this case, and there is no basis for a conclusion that Maswood knew the plaintiff's claims were baseless when he made them.

This case involved flurries of emails by and on behalf of the parties and Naji from Tech Flow, as well as poorly drafted legal documents. The email correspondence was at times difficult for the parties themselves to keep track of, and not infrequently they "talked past each other." The defendants' motion fails to take any of this into account, in addition to failing to take into account evidence produced by the plaintiff in support of its positions throughout the course of these proceedings.

As a result of the disjointed nature of the communications here, piecing together what transpired was an unusual challenge for the court as the finder of fact. Given what transpired in this case, the court has no difficulty in concluding that the plaintiff and its representatives have acted in good faith at all times during the course of this litigation.

The court notes that a critical component of the court's analysis in the Memorandum of Decision was as follows: "NATS contends that it was mislead or put off guard by virtue of the fact that Naji from Tech Flow acted as an undisclosed agent for RST, and also contends that it never authorized him to deliver the fully executed Revised NDA to RST. However, <u>even accepting both of those propositions as true</u>, they are not material to the

-7-

outcome of this case because of what NATS did not do and what it did after it knew that the Revised NDA had been delivered to RST." Memorandum of Decision (ECF No. 162) at 12 (emphasis added).

If the record had reflected that there was no evidence in support of those two propositions, the court would not have written "even accepting both of those propositions as true." Id. Rather, it would have stated that there is no evidence in the record to support either of those propositions. Also, it bears noting that the court's ultimate conclusion was based on legal principles set forth in Restatement (Second), Contracts, s 21(1) (Tent. Dr. 1964); 1 Corbin, Contracts, s 18 (1963); 1 Williston, Contracts, s 22A (1957); and Schnabel v. Trilegiant Corp., 697 F.3d 110, 120 (2d Cir. 2012). It was not based on any conclusion that the plaintiff had not brought colorable claims, or even that the plaintiff had failed to create a genuine issue of material fact.

## IV. CONCLUSION

For the reasons above, the defendants' motion for sanctions (ECF No. 176) is hereby DENIED.

It is so ordered. Dated this 2nd day of December 2024, at Hartford, Connecticut.

/s/   AWT
Alvin W. Thompson
United States District Judge