**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| NATS, INC.,<br>Plaintiff,<br><br>v.<br><br>RADIATION SHIELD TECHNOLOGIES, INC., DANIEL EDWARD, AND RONALD DEMEO,<br>Defendants. | 3:21-cv-430-AWT<br><br>NATS Motion to Open Stay<br><br>2026-10-04 |

Pursuant to Federal Rule of Civil Procedure 60(b)(6), the inherent equitable powers of this Court, and the express terms of this Court's Order dated June 20, 2024 (Doc. 175), the Plaintiff, NATS, Inc. (“NATS”), respectfully moves this Court to lift the administrative stay, vacate the dismissal without prejudice, and restore this action to the active judicial docket. In support of this Motion, Plaintiff states as follows:

# I. PROCEDURAL HISTORY

1. Plaintiff commenced this action on March 29, 2021, asserting claims for breach of contract, fraud, piercing the corporate veil, and violations of the Connecticut Unfair Trade Practices Act (CUTPA) arising out of an unfulfilled purchase contract for 1,500 protective suits.
2. On April 17, 2024, this Court entered an order staying the federal proceedings and compelling the parties to submit their dispute to binding arbitration before the American Arbitration Association (“AAA”).

3. Concurrently, to prevent the action from remaining indefinitely on the active judicial docket, this Court entered an Order on June 20, 2024, closing the case “without prejudice to reopening on motion of any party.” (Exhibit-A)

## II. DEFENDANTS’ WILLFUL SABOTAGE OF THE ARBITRATION FORUM

4. In strict compliance with this Court’s mandates, Plaintiff timely initiated arbitration proceedings with the AAA in Miami, Florida (Case No. 01-25-0003-5710). Plaintiff acted in absolute good faith, actively uploading exhaustive exhibit binders, participating in administrative tasks, and fully remitting $31,688.33 to cover its required share of administrative fees and arbitrator compensation deposits (Exhibit-B).

5. Conversely, the Defendants engaged in a continuous pattern of bad-faith obstruction. Defendants intentionally delayed scheduling conferences, circumvented basic discovery mandates, and repeatedly refused to present individual Defendant Dr. Ronald DeMeo for scheduled legal depositions.

6. Most egregiously, Defendants weaponized non-compliance with the forum's financial rules to escape a final adjudication. After the AAA issued a formal Suspension Order on July 14, 2026, due to outstanding balances, the Arbitrator granted Defendants a final, expanded grace period until September 14, 2026, to remit their required deposits.

7. Defendants willfully defied the Arbitrator’s directives and entirely failed to fund their mandatory share of administrative and compensation deposits.

8. As a direct result of Defendants' non-payment, Arbitrator Lawrence Saichek, Esq. officially executed a formal Termination Order on September 23, 2026, completely terminating AAA Case No. 01-25-0003-5710 pursuant to AAA Commercial Arbitration Rule R-59.

9. By walking away from the arbitration table, the Defendants have breached and defaulted upon the arbitration agreement. They cannot use an order compelling arbitration as an absolute shield to prevent NATS from ever obtaining justice or recovering its stolen funds.

10. Because the administrative forum has been exhausted and closed down due strictly to the adverse parties' misconduct, justice and substantial equity require that NATS be permitted to return to this Court to seek a resolution on the merits.

WHEREFORE, the Plaintiff, NATS, Inc., respectfully requests that this Court:

• a. GRANT this Motion to Lift Stay and Reopen Case;

• b. VACATE the administrative closure order of June 20, 2024, and restore Civil Action No. 3:21-cv-00430 (AWT) to the active trial list; and

• c. Schedule an immediate status conference to establish an expedited timeline for summary judgment pleadings.

Respectfully submitted,

THE PLAINTIFF, NATS, INC.

Respectfully,
*s/Alan Harrison*
Alan Harrison (ct29464)
alan@sandollar-law.net
203.212.9996
Sandollar PLLC
185 Broad Street
Milford, CT 06460

**MEMORANDUM OF LAW IN SUPPORT OF**
**NATS MOTION TO LIFT STAY AND REOPEN CASE**

The Plaintiff, NATS, Inc. ("NATS"), respectfully submits this Memorandum of Law in support of its Motion to Lift Stay, Vacate Administrative Closure, and Reopen Civil Action No. 3:21-cv-00430 (AWT).

# PRELIMINARY STATEMENT

This Court stayed this breach of contract, fraud, and CUTPA action on April 17, 2024, pending contractually mandated arbitration before the American Arbitration Association ("AAA"). For over twelve months, Plaintiff litigated in the arbitral forum in absolute good faith, uploading comprehensive exhibit files and fully remitting $31,688.33 in administrative and neutral fees.

Conversely, the Defendants systematically sabotaged the arbitral process through persistent discovery evasion, continuous scheduling delays, and an ultimate, absolute refusal to pay their contractually mandated AAA fee assessments . On September 23, 2026, following multiple unearned extensions, the AAA officially issued a formal Termination Order under AAA Rule R-59, closing the forum permanently due to the Defendants' non-payment.

Because the Defendants have completely frustrated and aborted the very forum they compelled this Court to mandate, they are in default under the Federal Arbitration Act ("FAA"). This Court's Order of June 20, 2024, explicitly preserved NATS's absolute right to return to this jurisdiction upon an showing of cause, having dismissed the case "without prejudice to reopening on motion

of any party." (Doc. 175). To prevent a manifest injustice and stop the Defendants from using administrative cloaking to escape liability, this Court must lift the stay and restore this case to the active trial docket.

# STATEMENT OF FACTS

1. The Federal Action: Plaintiff filed this action on March 29, 2021, seeking to recover a $335,000.00 cash deposit taken by the Defendants under an unfulfilled, fraudulent international contract for 1,500 HAZMAT protective suits earmarked for the Saudi Arabia Civil Defense Force (SCDF).
2. The Stay Order: On April 17, 2024, this Court enforced the underlying arbitration clause, staying the case. On June 20, 2024, the Court entered an administrative closure order dismissing the file "without prejudice to reopening on motion of any party." (Doc. 175).
3. Plaintiff's Compliance: Plaintiff promptly initiated AAA Commercial Arbitration in Miami, Florida (Case No. 01-25-0003-5710) . As verified by the certified AAA Financial History Sheet, Plaintiff successfully paid $31,688.33, leaving an absolute Case Balance of $0.00 for its designated allocation.
4. Defendants' Financial Default: Defendants systematically refused to fund their mandatory share of arbitrator compensation deposits. On July 14, 2026, Arbitrator Lawrence Saichek, Esq. formally entered a Suspension Order canceling the scheduled July hearings. On August 18, 2026, over Plaintiff's written objections, the Arbitrator extended the final payment

deadline to September 14, 2026. Defendants willfully ignored the extended deadline.

5. The Final Termination: On September 23, 2026, pursuant to Commercial Arbitration Rule R-59, the Arbitrator executed a final Termination Order officially closing the case file due strictly to the Defendants' total non-compliance.

# LEGAL ARGUMENTS & CITATION OF AUTHORITIES

## DEFENDANTS' WILLFUL FAILURE TO PAY AAA FEES CONSTITUTES A DEFAULT OF ARBITRATION UNDER SECTION 3 OF THE FEDERAL ARBITRATION ACT

The Federal Arbitration Act dictates that a district court must stay litigation pending arbitration only until "an arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Crucially, the statute carves out an explicit exception where the stay may be vacated if "the applicant for the stay is in default in proceeding with such arbitration." Id.

Federal courts that have directly evaluated this "fee boycott" tactic have held that a defendant's failure to pay AAA fees constitutes a complete waiver or forfeiture of the right to stay federal litigation.

• In *Pre-Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287, 1294 (10th Cir. 2015): The Tenth Circuit held that a defendant's failure to pay his share of AAA fees constitutes a material default under the FAA. The court ruled that the plaintiff was not required to pay the defaulting party's fees to keep the forum

alive, and was fully entitled to return to the federal district court to resume active litigation.

• In *Sink v. Aden Enterprises, Inc.*, 352 F.3d 1197, 1201 (9th Cir. 2003): The Ninth Circuit held that when an arbitrator terminates proceedings under AAA Rule R-59 for non-payment, the defendant has structurally failed to proceed with arbitration. The court affirmed that the district court properly exercised jurisdiction to lift the stay, noting that any alternative ruling would allow a defaulting party to lock a plaintiff into a permanent, un-reviewable legal limbo.

• "In *Garcia v. Mason Contract Products, LLC*, No. 08-23013-CIV, 2010 WL 3259922 (S.D. Fla. Aug. 18, 2010), [RST's home] court found that the defendant's failure to pay the arbitration fee, resulting in the arbitration proceeding being canceled, established by a totality of the circumstances that the defendant had acted inconsistently with the arbitration right." *Day v. Clymo*, Case No: 6:13-cv-871, 3, (S.D. Fla. Jun 3, 2015).

Here, "returning the question to the AAA would be redundant. Even though the AAA did not explicitly state that [RST] was in default, it closed the cases following [RST]'s nonpayment." *5-Star Gen. Store v. Am. Express Co.*, 24-cv-106-MSM-LDA (D.R.I. Dec 2, 2024) at 7 (and collecting appellate cases).

## III. THE EXPRESS TERMS OF THIS COURT'S CONCURRENT ORDERS PERMIT JUDICIAL RESTORATION

This Court’s administrative dismissal order dated June 20, 2024, was deliberately constructed to protect NATS from an infinite procedural freeze. By writing that the file was closed “without prejudice to reopening on motion of any party,” this Court retained complete, continuing auxiliary jurisdiction to pull the matter back under its care.

Under Federal Rule of Civil Procedure 60(b)(6), a court may relieve a party from a final judgment or order for "any other reason that justifies relief." The complete frustration of a court ordered procedural track by the inaction of the party that requested that procedure, is the sort of "other reason" contemplated by the Rule. Denying this motion would allow the defendant to convert a stay pending arbitration into a permanent, non-adjudicated victory through willful non-compliance with the implicit terms of the stay.

# CONCLUSION

The Defendants demanded arbitration, stalled discovery inside that forum, and then intentionally starved the forum financially to prevent a ruling on the merits . They are in default under 9 U.S.C. § 3.

Plaintiff has exhausted the arbitral track exactly as ordered. NATS, Inc. respectfully requests that this Court GRANT its Motion, lift the stay, restore Civil Action No. 3:21-cv-00430 (AWT) to the active docket, and set an immediate scheduling order for dispositive summary judgment motions.

Respectfully submitted,

THE PLAINTIFF, NATS, INC.

Respectfully,
*s/Alan Harrison*

Alan Harrison (ct29464)
alan@sandollar-law.net
203.212.9996
Sandollar PLLC
185 Broad Street
Milford, CT 06460